IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:25-CV-24-D

| | |
|---|---|
| PAMELA BLACKMORE JENKINS-GAYLORD, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   **ORDER** |
| TOWN OF PLYMOUTH, NORTH CAROLINA, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

On April 25, 2025, Pamela Blackmore Jenkins-Gaylord ("Jenkins-Gaylord" or "plaintiff"), appearing pro se, filed a complaint against the Town of Plymouth, North Carolina, and the County of Washington (collectively, "defendants") [D.E. 1] and a motion to proceed in forma pauperis [D.E. 2]. Pursuant to 28 U.S.C. § 636(b)(1), the court referred the matter to United States Magistrate Judge Robert B. Jones, Jr., for a memorandum and recommendation on Jenkins-Gaylord's motion to proceed in forma pauperis and for frivolity review [D.E. 5]. On April 30, 2025, Jenkins-Gaylord filed a document entitled "Dismissal of Complaint for a Civil Case No. 2:25CV24-D," stating that there are no grounds for her complaint because she does not have "sufficient interest in the outcome of the case to bring it before the court." [D.E. 6] 1. On May 27, 2025, Magistrate Judge Jones issued a memorandum and recommendation ("M&R") [D.E. 7]. In the M&R, Judge Jones recommended that the court dismiss Jenkins-Gaylord's complaint and deny her motion to proceed in forma pauperis. See id. at 1–2. On June 9, 2025, Jenkins-Gaylord timely objected to the M&R [D.E. 8].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations

to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R and Jenkins-Gaylord's objections. In light of Jenkins-Gaylord's admission that she lacks "sufficient interest in the outcome of the case to bring it before the court," [D.E. 6] 1, Magistrate Judge Jones recommended that the court dismiss Jenkins-Gaylord's complaint and deny her motion to proceed in forma pauperis. Jenkins-Gaylord's "objections" to the M&R are nearly incomprehensible and entirely nonresponsive to the M&R. See [D.E. 8] 2–9. At any rate, the court has reviewed Jenkins-Gaylord's complaint, the record, and the M&R de novo. Jenkins-Gaylord filed documents expressing her desire to dismiss her case and disclaiming her interests in her asserted claims. See [D.E. 6]. Thus, the court overrules Jenkins-Gaylord's objections and adopts the conclusions in the M&R.

Alternatively, the court has reviewed Jenkins-Gaylord's complaint and the record de novo. Jenkins-Gaylord's complaint fails to satisfy the federal pleading standard. Accordingly, the court dismisses as frivolous Jenkins-Gaylord's complaint.

In sum, the court DENIES plaintiff's motion to proceed in forma pauperis [D.E. 2], OVERRULES plaintiff's objections to the M&R [D.E. 8], ADOPTS the conclusions in the M&R [D.E. 7], and DISMISSES WITHOUT PREJUDICE plaintiff's complaint [D.E. 1]. The clerk SHALL close the case.

SO ORDERED. This 30 day of June, 2025.

                                                                JAMES C. DEVER III
                                                                 United States District Judge